# IN THE UNITED DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| AMANDA McGUFF, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | |
| | § | JURY DEMAND |
| WESTERN RASP, INC., d/b/a HEROES SPORTS BAR, | § § § | |
| Defendant. | § | |

## COLLECTIVE ACTION COMPLAINT

Comes Now the Plaintiff, Amanda McGuff, by and through her undersigned counsel, and states the following:

## I.     INTRODUCTION

1.     Defendant operates two Heroes Sports Bar locations in Mobile, Alabama.

2.     Plaintiff, Amanda McGuff, resides in Mobile, Mobile County, Alabama. From approximately October of 2013 through April of 2014, Plaintiff was employed by Defendant as a server at its Mobile, Alabama location.

1

## II. FACTUAL ALLEGATIONS

3. This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. and, specifically, the collective action provision of the Act found at §216(b), for equitable and declaratory relief and to remedy violations of the wage provisions of the FLSA by Defendant, which has deprived the named Plaintiff, and all other similarly situated servers employed by Defendant at its Mobile Alabama locations, of their lawful wages.

4. This action is brought to recover unpaid compensation, in the form of unpaid minimum wages, owed to the Plaintiff and all similarly situated servers employed by Defendant.

5. For up to three years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of failing to pay the minimum wage because Defendant took an improper tip credit against its minimum wage obligations for substantial non-tipped hours worked that it required its servers to perform.

### SERVERS PERFORMING NON-TIPPED WORK

6. Defendant violated the minimum wage requirements of the FLSA by taking a tip credit against its minimum wage obligations for substantial non-tipped work it required its servers to perform.

7. When working the "day" shift, Plaintiff and similarly situated servers were required to report to work at least an hour before Defendant opened the restaurant's doors. This often meant Servers arrived 1.25 to 2.0 hours before their first customer was seated.

8. Defendant's time clock records evidence this "pre-shift" work; however, Plaintiff and similarly situated serves are not paid $7.25 per hour for this non-tipped work.

9. During this "pre-shift" time before the restaurant's opening and before Servers had any opportunity to earn tips, Plaintiff and all similarly situated were required to perform non-serving, non-tipped duties to ready the establishment for customers and were compensated at approximately $2.13 per hour for this time.

10. The duties performed by Plaintiff and all similarly situated servers during this time included: Cut lemons, make coffee and tea, pour dressings into portion cups with lids and labels, stock coolers, wipe down tables and put out table supplies, set up patio, sweep and dust, pick up trash in parking lot, create signage, fill sanitary buckets for wiping and busing tables, etc.

11. After the restaurant opened, but before a server actually has her first customers to serve, Servers were required to continue performing non-tip producing job duties.

3

12. After serving her last customer, servers without an opportunity to earn tips, Plaintiff and all similarly situated were required to perform non-serving, non-tipped duties for 1.0 to 2.0 hours a day to ready the store for closing. This work included performing in reverse the pre-shift work performed.

13. Defendant's time clock records evidence this post-shift side work; however, Plaintiff and similarly situated serves were not paid $7.25 per hour for this non-tipped work. Again, they only received $2.13 per hour for this work.

14. As a result, Plaintiff and other similarly situated employees spent a substantial amount of time – in excess of 20% of their working time during a shift or week – performing these non-tip-producing activities.

15. Defendant failed to maintain records of the hours Plaintiff and the other servers spent engaged in non-tipped producing activities vs. the hours engaged in tip producing activities.

16. Plaintiff and other similarly situated servers are entitled to $7.25 per hour for all the time they were engaged in non-tipped duties, because such time was substantial and not occasional.

17. Defendant improperly claimed the FLSA tip credit (29 U.S.C. §203(m)) for time spent performing this non tip-producing work.

18. Time spent on these non-tip producing activities was not occasional,

incidental, or insignificant; it was substantial and regular.

19. These practices were developed, administered, and enforced in order to avoid incurring costs associated with employing back of the house employees such as kitchen help, dish washers, and support staff at market hourly rates, to avoid paying minimum wages to servers, and to avoid paying minimum wages for non-tipped work.

20. Plaintiff and all other similarly situated servers were subject to Defendant's illegal pay practices, and are similarly situated for purposes of their job duties.

21. Plaintiff and all similarly situated servers who elect to participate in this action seek misappropriated unpaid minimum wages, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

### III.   JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.   Venue is proper in the Southern District of Alabama, pursuant to 28 U.S.C. §1391(b).

23. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

24. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

25. Defendant is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

26. Defendant's annual gross volume of business exceeds $500,000.00.

27. At all times relevant to this action, Defendant is or has been an "employer" of Plaintiff as defined by §203(d) of the FLSA.

28. At all times material to this action, Plaintiff and all others similarly situated servers were "employees" of Defendant, as defined by §203(e)(1) of the FLSA. They also worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

29. The provisions set forth in §207 of the FLSA apply to Defendant, and the Plaintiff and all similarly situated servers were covered by §207 of the FLSA during their employment with Defendants.

30. Plaintiff and all similarly situated servers employed by Defendant were individually engaged in interstate commerce and/or the production of goods for

6

interstate commerce while working for Defendant. Their interstate commerce activity included, but was not limited to, serving customers who were traveling in interstate commerce, serving food that originated out of state of flowed through interstate commerce, and processing credit card transactions that crossed state lines.

31. Defendant has intentionally failed and/or refused to pay Plaintiff and all other similarly situated servers according to the provisions of the FLSA.

32. Defendant's systems and practices relating to its non-payment of minimum wages to Plaintiff and all similarly situated servers, all violate the requirements of the FLSA.

33. Defendant has been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA since at least September 2012. Despite this knowledge, Defendant has failed to pay the Plaintiff and similarly situated servers the amount of pay required by the FLSA.

34. There are numerous similarly situated servers who have been improperly compensated in violation of the FLSA who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

35. These similarly situated employees are known to Defendant and are readily identifiable and can be located through Defendant's records – specifically,

all servers who have been employed by Defendant at its Mobile Alabama restaurants and have not been properly compensated would benefit from Court Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

36. In addition to the amount of unpaid wages and benefits owed to the Plaintiff and all other similarly situated Servers, they are also entitled to recover an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b), and pre-judgment interest.

37. Defendant's actions in failing to properly compensate Plaintiff and all other similarly situated servers were willful.

38. Defendant has not made a good faith effort to comply with the FLSA.

39. Plaintiff and those similarly situated are also entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated servers, pursuant to §216(b) of the FLSA, pray for the following relief:

A. At the earliest possible time, that they be allowed to give notice, or that the Court issue such Notice, to all servers who have been employed by Defendant in the last three years;

B. An order awarding damages in the amount of their respective unpaid

compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

 C. An order pursuant to the Declaratory Judgment Act finding Defendant's practices illegal and in violation of the FLSA;

 D. An order awarding reasonable attorneys' fees, including the costs and expenses of this action;

 E. Such other legal and equitable relief including, but not limited to, any declaratory relief to which they may be entitled;

 F. Plaintiff further demands a jury to try the issues when joined.

**VI. JURY DEMAND**

 **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**


Dated: October 6, 2015   Respectfully submitted,

          */s/ Robert J. Camp*
          **ROBERT J. CAMP**
          rcamp@wigginschilds.com
          **WIGGINS, CHILDS, PANTAZIS,**
          **FISHER & GOLDFARB, LLC**
          The Kress Building
          301 19th Street North
          Birmingham, Alabama 35203
          (205) 314-0500 – Phone

(205) 254-1500 – Facsimile

*/s/ Robert C. Epperson*
**ROBERT C. EPPERSON**
repperson@rcelaw.com
P.O. Box 477
Foley, AL 36536
(251) 943-8870

***Counsel for Plaintiff***

10