# Exhibit 2

IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMANDA McGUFF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| | § | 1:15-cv-00497-B |
| WESTERN RASP, INC. d/b/a | § | |
| HEROES SPORTS BAR | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DECLARATION OF ROBERT J. CAMP

Robert J. Camp, first being duly sworn, deposes under penalty of perjury and states as follows:

1.    Background and Experience:  I am over the age of nineteen and competent to testify.  The facts set forth herein are based on my own personal knowledge. I declare under the penalty of perjury that the following is true and correct to the best of my knowledge.

2.    I have prosecuted large wage and hour class actions for nearly nine years.  I have more than 13 years experience in the employment and labor law arena.  From September of 2002 to the end of 2006, I practiced on a part time basis and in January of 2007, I started practicing full time on a nationwide basis.

3.    The vast majority of my cases involve class action litigation in federal court.  I am knowledgeable in the amount and type of work necessary to prosecute complex individual and class cases challenging violations of the FLSA, Title VII, ADA, and FMLA and the special expertise demanded by such work.

4.      The following is a list of notable reported case decisions I have handled.

*Burks, et al. v. Equity Group Eufaula Div. LLC,* UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, 2007 U.S. Dist. LEXIS 79416, Oct. 24, 2007

*In re Wayne Farms LLC Fair Labor Stds. Act Litig.,* MDL No. 1872, JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, 528 F. Supp. 2d 1355; 2007 U.S. Dist LEXIS 82402, November 2, 2007

*Agee, et al. v. Waynes Farms LLC,* CIVIL ACTION # 2:07cv1010-KS-MTP, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, HATTIESBURG DIVISION, 2009 U.S. Dist. LEXIS 11116, Janaury 13, 2009

*Anderson, et al. v. Perdue Farms, Inc.,* UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, 604 F. Supp. 2d 1339 (M.D. Ala. 2009)

*Willins, et al. v. Credit Solutions of Am., Inc.,* CIVIL ACTION NO. 3:09-cv-1025-M, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2010 U.S. Dist. LEXIS 15756, February 23, 2010

*Castaneda, et al. v. JBS USA, LLC,* UNITED STATES DISTRICT COURT OF COLORADO, 2011 U.S. Dist. LEXIS 83834, Aug. 1, 2011

*In re Tyson Foods, Inc.,* MDL Docket No. 1854, 4:07-md-01854-CDL ALL CASES, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA, COLUMBUS DIVISION, 2012 U.S. Dist. LEXIS 7335, January 23, 2012

*Hickton, et al. v. Enter. Rent-A-Car Co. (In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.),* UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, 2012 U.S. Dist. LEXIS 127541, Sept. 7, 2012

*Hickton v. Enter. Rent-A-Car Co. (In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.),* UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, 2012 U.S. Dist. LEXIS 130694, Sept. 13, 2012

*Hickton, et al. v. Enter. Rent-A-Car Co. (In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.),* UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, 2012 U.S. Dist. LEXIS 136252, Sept. 24, 2012

*Billingsley v. CitiTrends, Inc.,* 4:12-CV-0627-KOB, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, MIDDLE DIVISION, 2013 U.S. Dist. LEXIS 8910, January 23, 2013

*Billingsley, et al. v. CitiTrends, Inc.,* 4:12-CV-0627-KOB, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, MIDDLE DIVISION, 2013 U.S. Dist. LEXIS 74910, May 29, 2013

*Slack, et al. v. Swift Transp. Co. of Arizona, LLC,* UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, 2013 U.S. Dist. LEXIS 165998 (W.D. Wash. Nov. 20, 2013)

*Billingsley v. Citi Trends, Inc.,* UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, 560 Fed. Appx. 914 (11th Cir. Ala. 2014)

*Bowman v. Doe Run Res. Corp.,* UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, 2014 U.S. Dist. LEXIS 30472 (E.D. Mo. Mar. 10, 2014)

5.    I am admitted to practice before the United States District Courts of the Northern, Middle, and Southern Districts of Alabama, the Eleventh Circuit Court of Appeals, the Tenth Circuit Court of Appeals, the United States District Court of Colorado and the Eastern District of Missouri. I have litigated appeals before the Eleventh Circuit and the Washington State Court of Appeals and I am currently litigating an appeal before the Tenth Circuit. I have litigated complex class and collective actions in ten states, including California and Washington State.

I have served on four Multi District Litigation steering committees involving consolidated FLSA collective actions and I have obtained a liability verdict at trial for a collective action involving more than 1,000 class members. *Castaneda, et al. v. JBS USA, LLC,* 2011 U.S. Dist. LEXIS 83834, (D. Colo. Aug. 1, 2011).

6.    This matter involved claims of non-tipped work for which the plaintiffs were not properly compensated the federally prescribed minimum wage, and such work was not documented. The allegations in this case are similar to claims that would be normally brought

by hourly workers for "off the clock" work. I have represented plaintiffs nationally in cases challenging "off-the-clock" work, including cases against most major chicken and beef companies, such as Tyson Foods, Inc., Pilgrim's Pride Corp., Wayne Farms, and JBS Swift, LLC.

7.     Reasonableness of the Hours Expended: I have personal knowledge of the work reflected in the hourly time records of my firm. Since filing this matter, Wiggins Childs' attorneys and paralegals have expended the following number of hours for which compensation is sought for successfully resolving the claims in this case.

|  |  |
|---|---|
| Attorney Robert J. Camp | 39.6 hours |
| Paralegals | 3.5 hours |

8.     Based on my experience in this area of law and my familiarity with the work done in this case, the foregoing expenditures of time were reasonable for the tasks performed and the responsibility undertaken for plaintiffs in these matters. After review of the time records and exercise of billing judgment, I believe all of the time Wiggins Childs is submitting to the Court for compensation was reasonably necessary to give our client the best possible chance for a favorable outcome. All of this time is of the kind and character that we would normally bill to hourly paying clients, as well as time that we normally track and seek to be paid at the conclusion of successful contingency litigation in cases of this type.

9.     The undersigned is seeking an hourly rate of $300.00 per hour and a paralegal rate of $75.00 per hour. Co-counsel in this matter, Robert Epperson, has accrued an additional 11.7 hours in attorney time at the rate of $250.00 per hour. Co-Counsel's declaration in support of the reasonableness of his fees is attached as Exhibit A.

10.     The total fees accrued to date totals $15,367.50 comprised of $12,442.50 attorney and paralegal time for Wiggins Childs and $2,925 attorney time for attorney Robert Epperson.

11.     Had this settlement been negotiated on a lump sum basis versus negotiating fees and costs separately and only after the plaintiffs' recovery was agreed upon, the $15,037.74 in fees sought by counsel represents an 11% discount on the 50% contingency fee called for under both plaintiffs' retainer agreements with the firms.

12.     The requested rate of $300.00 is reasonable and in line with rates previously awarded to attorneys of similar experience and specialization. *Goldsby et al. v. David Ashe, et al.*, 2013 U.S. Dist. LEXIS 174668 * 30 (M.D. Ala.) (K. Dubose) ($250.00 to $300.00 for more experienced and qualified attorneys); *Gulf Coast Asphalt Company, LLC v. Chevron, U.S.A., Inc.*, 2011 WL 612737 (S.D. Ala., Feb. 11, 2011) (Granade, J.) (finding that the average or reasonable hourly rate charged by top Mobile lawyers in complex cases is in the range from $250 to $350 per hour) (quotations omitted).

13.     I was selected for inclusion in Alabama Super Lawyers Edition 2015 (employment law) and Alabama Super Lawyers-Rising Stars Edition 2012 (employment law).

14.     I was named as one of Alabama's top 100 trial lawyers for the periods 2009 - 2012.

15.     My speaking engagements are as follows:

   -   NELA Annual Convention: Calculating FLSA Damages, June 2015, Atlanta, GA

   -   Ohio Association of Justice: Improper Class Communications, March 2013, Steamboat Springs, CO

   -   Ohio Association of Justice: *Farragher* Defense in FLSA Cases, June 2012, Cleveland, OH

16.     My firm, Wiggins Childs (formerly known as Gordon, Silberman, Wiggins and Childs) is a major plaintiffs' litigation firm with offices in Birmingham, Alabama; DeLand,

Florida; Washington, D.C.; and Brentwood, Tennessee. The firm has been recognized by U.S. News and World Reports as a first tier "Best Law Firm" for labor and employment litigation. The Firm emphasizes complex litigation of all types, including environmental liability, securities, Fair Labor Standards Act, anti-trust, contract, commercial, products liability, and civil rights. The following is a list of Wiggins Childs most noteworthy cases:

> *In re Managed Care Litigation* (S.D. Fla. MDL-2000), WCQP attorneys served as members of Plaintiffs' Steering Committee representing 600,000 physicians in the multidistrict litigation against HMO's in federal court in Miami. The plaintiffs' lawyers negotiated settlement from five of the defendants that provided over one billion dollars in value to the class. *Reynolds v. Alabama Department of Transportation* (M.D. Ala. 2001), The firm settled a 16 year old bias suit against The Alabama Department of Transportation in September 2001 for a total of $59.8 million. The deal included two settlements: $46 million to 2,400 black employees and $8.4 million to an undeterminable number of white employees who intervened in the suit after the original filing. WCQP represented the black employees.

> *Moore v. Norfolk Southern Corp.* (N.D. Ala. 2001), Virginia-based Norfolk Southern Corp. agreed to pay $28 million to settle charges of racial discrimination against 7,700 black employees who were allegedly denied advancement. Nine named plaintiffs sued the railway company in 1993 and the suit was certified as a class action in 1995. Norfolk also agreed to spend another $2.6 million on a program to correct its advancement procedures.

> *Morgan, et al. v. Family Dollar Stores* (551 F. 3d 1233; N.D. Ala. 2001), the Eleventh Circuit recently affirmed a $35 million award for store managers against Family Dollar Stores. WCQP was lead counsel both in the trial and on appeal.

> *In Re: American General Life and Accident Insurance Company - Industrial Life Insurance Litigation* (Dist. of SC, Columbia Div., 2001), In 2002, WCQP attorneys were named to Plaintiffs' Steering Committee representing a class of individuals, who were sold an insurance policy wherein they were charged a higher premium based on race.

> *In Re: Terrorist Attacks on September 11, 2001* (S.D. NY 2003), In 2004, WCQP attorneys were named to Plaintiffs' General Steering Committee representing families of those individuals who were killed during the terrorist attacks on September 11, 2001.

> *Ledbetter v. Goodyear Tire & Rubber* (Supreme Court No. 05-1074; 550 U.S. 618 2007; N.D. Ala. 1999; rev'd, 421 F. 3d 1169 (11th Cir. 2005), *cert* granted, 548 U.S. ____ 2006), the Firm was lead counsel in the Trial and before the U.S. Supreme Court; the case was eventually foundation for the first bill signed by President Obama extending the statute of limitation rights and naming the bill the *Ledbetter Act*.

*In Re: Pharmacy Benefit Managers AntiTrust Litigation* (E.D. PA 206), In 2007, WCQP attorneys were named to Plaintiffs' Steering Committee representing a class asserting antitrust conspiracies against three (3) National PBMs.

*In Re: Comcast Corp. Set-Top Cable Television Box Anti-Trust Litigation* (E.D. Pa. 2009), In 2009, WCQP attorneys were named to Plaintiffs' Steering Committee representing individuals who purchased Premium Cable from Comcast and who were forced to rent a set0top box distributed by Comcast.

*In Re: Cox Enterprises, Inc., Set-Top Cable Television Box Antitrust Litigation* (W.D. OK 2009), In 2009, WCQP attorneys were named to Plaintiffs' Steering Committee representing persons who have purchased Premium Cable from Cox and who have been compelled to rent a set-top box distributed by Cox.

*Charlie Almon, et al. v. McWane, Inc., et al.*, Civil Action No.: CV-04-1112, Circuit Court of Calhoun County, Alabama: Over the last 20 years, McWane, Inc. a/k/a and d/b/a Union Foundry and M&H Valve Company deposited contaminated soil and released contaminants in the air and water that affected approximately 14,00 individual properties and health. The property case was settled on a class-wide basis on November 17, 2009, with the total benefit to the class in excess of $200 million. The personal injury cases were dismissed and are being pursued individually.

*Isaiah Evans, et al. v. U.S. Pipe & Foundry Company, LLC, et al.*, Civil Action No.: 1:05-cv-01017-KOB, United States District Court for the Northern District of Alabama, Eastern Division: *Evans* is a class action against U.S. Pipe & Foundry Company, LLC, United Defense LP, FMC Corporation, MW Custom Papers, LLC, and Phelps Dodge Industries, Inc. This case only involves property and was settled on a class-wide basis on October 26, 2010.

*Mount Canaan Full Gospel Church, Inc. v. Kerr-McGee Corporation; Allied Energy Corporation; Colonial Pipeline Company; Anadarko Petroleum Corporation, et al.*, Civil Action No.: CV-06-2515, Circuit Court of Jefferson County, Alabama. We represent a large African-American church and school whose property abuts the Kerr-McGee distribution center. Over the years, Kerr-McGee and others had allowed gasoline spills to penetrate the soil on its property and thereby creating a large petroleum plume under the church's property and causing the church property to be unusable and shutting down the school. The case has been settled.

17.     The requested rate of $75 is reasonable and in line with rates previously awarded

for paralegal time in this district. *Transmontaigne Product Servs., Inc. v. Clark*, 2010 WL

3171656, *1 (S.D. Ala. Aug. 10, 2010) (Granade, J.) (finding an hourly rate of between $120 and

$130 was a reasonable hourly rate for a paralegal); *Goldsby et al. v. David Ashe, et al.*, 2013 U.S. Dist. LEXIS 174668 * 30 (M.D. Ala.) (DuBose, K.) ($75 per hour reasonable paralegal rate).

18.     As further evidence of the reasonableness of the requested rate, I point to the fact that I have routinely been approved at rates higher than that requested here. In the Northern District of Alabama, I was approved at the rate of $400 per hour in the matter, *Burroughs v. Honda Mfg. of Ala., LLC*, 2014 U.S. Dist. LEXIS 31578 (N.D. Ala. Feb. 6, 2014). In August of 2013, I was approved at the rate of $450 per hour in the Western District of Pennsylvania in *Hickton v. Enter. Rent-A-Car Co.* (In re Enter. Rent-A-Car Wage and Hour Empl. Practices Litig.), Case No. 2:09-mc-00210-JFC (W.D. Pa.), Doc. 912 (August 28, 2013). In January 2012, the Honorable Clay D. Land in the Middle District of Georgia approved my rate of $400 per hour in *In Re Tyson Foods, Inc., Fair Labor Standards Act Litigation*, MDL Docket No. 1854, 4:07-md-01854-CDL (M.D. Gar.), Doc. 820, 819-2 (January 23, 2012). In April of 2010, my rate of $350 per hour was approved in *In re: Pilgrim's Pride Fair Labor Standards Act Litigation*, MDL Docket No. 1:07-cv-1832, Doc. 70 (April 2, 2010). Likewise, in 2008, the Court approved my rate of $350 per hour in the Middle District of Alabama in the matter *Burks, et al. v. Equity Group Eufaula Div.*, Case No. 2:06-cv-1081, Doc. 125 (September 25, 2008).

19.     <u>Expense and Costs Requested:</u>     In addition, the plaintiff's Counsel requests $462.76 in costs, which were necessary to the litigation and represent the mediation costs, cost of filing the matter, copy charges, and travel expenses.

Dated: April 7, 2016

**ROBERT J. CAMP**

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AMANDA McGUFF,                          )
                                        )
        PLAINTIFF,                      )
                                        )
V.                                      )        CIVIL CASE NO: 1:15-CV-00497-B
                                        )
WESTERN RASP, INC.,                     )
                                        )
d/b/a HEROES SPORTS BAR,                )
                                        )
        DEFENDANT.                      )

## DECLARATION OF ROBERT C. EPPERSON

Robert C. Epperson, first being duly sworn, deposes under penalty of perjury and

states as follows:

   1.  Background and Experience:  I have been practicing in the general field of law for more

than 20 years.  Initially my main practice was by State and Federal appointments representing

indigents charged with criminal offenses.  However, I have had a wide experience with a general

practice.  I have had many types of cases in the probate court, including will probate, adoptions,

and different types of "Guardian Ad Litem" appointments.

   2.  I have trial experience at the District and Circuit levels of the Alabama State Civil courts,

including claims for breach of contract, and in the personal injury field.

   3.  At the Federal level I have represented clients with SSI claims, and tried such claims before

the administrative courts.  However, the bulk of my work in the legal fields has been in the fields

of Chapter 7 and 13 Bankruptcy.   I filed approximately 230 such cases in the year of 2005 alone.

As a result of those cases being filed, I sometimes represented those clients in adversarial proceeding before the Bankruptcy Court.

4. Because, I moved my practice from the Birmingham, Alabama area, back to my hometown of Foley, in South Baldwin County, Alabama, during 2009, I have been in the process of re-establishing my law practice. Since that time, I have determined to build my practice in the fields of consumer rights and employment law.

5. I am presently one of the named plaintiff attorneys in two other separate wage and hour claims in the Sothern Federal District, and one in the Northern Federal District of Alabama. Also, I was one of the named plaintiff attorneys in a "wage and hour" case in the Southern District that has recently been settled at mediation. I have several more such cases that are in the process of being filed.

6. I am admitted to practice before the United States District Courts of the Northern, Middle, and Southern Districts of Alabama.

7. Reasonableness of the Hours Expended: I have worked a total of 12.6 hours towards the completion of this case, and all the parties involved in this case have successfully reached an agreement to settle said case.

8. Based on my over 20 years of experience in the general practice of law, my more recent experience in Wage and Hour law, and my familiarity with the work done in this case, the foregoing expenditures of time were reasonable for the tasks performed.

9. After a review of my time records kept, I believe all of the time that I am submitting to the Court for compensation was reasonably necessary to give our clients the best possible chance for a favorable outcome. All of the time that I am billing, is of the kind and character that would normally be billed to hourly paying clients.

10. The undersigned is seeking an hourly rate of $250.00 per hour.

11. I believe the requested rate of $250.00 is reasonable and in line with rates previously awarded to attorneys of similar experience. *Goldsby et al. v. David Ashe, et al.*, 2013 U.S. Dist. LEXIS 174668 * 30 (M.D. Ala.) (K. Dubose) ($250.00 to $300.00 for more experienced and qualified attorneys); *Gulf Coast Asphalt Company, LLC v. Chevron, U.S.A., Inc.*, 2011 WL 612737 (S.D. Ala., Feb. 11, 2011) (Granade, J.) (finding that the average or reasonable hourly rate charged by top Mobile lawyers in complex cases is in the range from $250 to $350 per hour) (quotations omitted).

12. Expense and Costs Requested: None.

Dated: March 30ᵗʰ, 2016

**ROBERT C. EPPERSON**

| DATE | TIME | RATE | DETAILED DESCRIPTION OF HOURS |
|------|------|------|-------------------------------|
| 03/20/15 | 1.0 | $250.00 | Initial meeting concerning case with clients Amanda McGuff and Tara Boothe. |
| 03/20/15 | 2.0 | | Drive time to and from meeting. |
| 04/09/15 | 0.1 | | Email to Robert Camp concerning preparation of detailed intake questionnaire. |
| 04/17/15 | 1.0 | | Meeting with clients at Government Plaza Concerning detailed questionnaire. |
| | 2.0 | | Drive time two and from meeting. |
| 4/29/15 | 1.3 | | Typed and reviewed summary for clients to review with additional notes and emailed to Clients to review. |
| 08/04/15 | .2 | | By phone with A. McGuff concerning her questions about trial. |
| 08/07/15 | .2 | | Review questions about servers with T. Boothe. |
| 08/07/15 | .2 | | Send email to with attachments containing questions for servers and client pay docs to Robert Camp. |
| 11/17/15 | .5 | | Reviewed Defendant's answer and corporate statement filed into court. |
| 01/08/16 | .5 | | Meet in Mobile with Amanda McGuff to go over court ordered interrogatories. |
| | 2.0 | | Drive time to and from meeting. |
| 01/17/15 | .6 | | Final review of client interrogatories and sent by email to Robert Camps office to file. |

03/30/16          .1                    By phone with Amanda McGuff to answer
                                        her questions about settlement.


**03/30/16     - 11.7                   TOTAL HOURS ACCRUED.**