IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA McGUFF, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 15-00497-CG-B |
| ) | |
| WESTERN RASP, INC. d/b/a ) | |
| HEROES SPORTS BAR, ) | |
| ) | |
|    Defendant. ) | |

## ORDER

This matter is before the Court on the Joint Motion to Approve Settlement. (Doc. 26). For the reasons set forth herein, the Court finds that the motion is due to be granted.

## I. FACTUAL BACKGROUND

Amanda McGuff ("McGuff") brought a collective action under the Fair Labor Standards Act against Western Rasp, Inc. d/b/a Heroes Sports Bar ("Defendant") "to remedy violations of the wage provisions of the FLSA." (Doc. 1, p. 2). Defendant allegedly failed to pay McGuff and others the federal minimum wage. Id. McGuff contends that Defendant neglected to pay her and other workers minimum wage for "substantial non-tipped work," instead treating that work as tipped work and improperly "taking a tip credit." Id. The bulk of this "non-tipped work" occurred when workers were required to arrive before opening to "ready the establishment for customers" and to stay after business hours to "ready the store for closing." Id. at 3-4. In her complaint, McGuff demands unpaid compensation, liquidated damages,

prejudgment interest, attorney's fees, and declaratory relief. Id. at 8-9. Tara Boothe ("Boothe") (with McGuff, "Plaintiffs") joined the suit as an "opt-in plaintiff." (Doc. 7). Defendant counters that "the amount of non-tipped work performed by [Plaintiffs] was not substantial." (Doc. 26, p. 2).

Plaintiffs and Defendant inform the Court that they have "reached a reasonable and fair resolution of Plaintiffs' FLSA claims." Id. at 8. They seek the Court's approval.

## II. STATEMENT OF THE LAW

An employer that violates the Fair Labor Standards Act "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (2012). The Act "protect[s] workers from substandard wages and oppressive working hours." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). The FLSA's provisions are "not subject to negotiation or bargaining between employers and employees." Id. Settlement of FLSA wage claims may be approved in two ways: (1) through authorization by the Secretary of Labor, or (2) by stipulated judgment entered by a district court "after scrutinizing the settlement for fairness." Id. at 1352-53. Settlements are more favorable when the claimants are represented by counsel, since such a settlement "is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. A district court will approve a settlement

agreement when it "has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355.

The Court must also contemplate whether any attorney's fees included in the settlement affects the fairness of the settlement as a whole. In an unpublished opinion, the Eleventh Circuit found that the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

### III. REVIEW OF THE PROPOSED SETTLEMENT

The settlement provides McGuff with $8,300 and Boothe with $10,000 for alleged unpaid wages and liquidated damages. (Doc. 26-1, p. 2). The settlement also awards Plaintiffs with $15,500 in attorney's fees and costs. Id. Neither party possesses "itemized records of the time the Plaintiff and opt-in Plaintiff were engaged in alleged non-tipped work, [so] the Parties relied on Plaintiffs' allegations within The Complaint and their own memory." (Doc. 26, p. 5). The parties used the total number of shifts worked by each claimant multiplied by the average non-tipped hours per shift and the difference between the minimum wage and tipped wage to arrive at the maximum amount of unpaid wages recoverable by Plaintiffs. Id. at 5-6. For McGuff, that figure was $1,582.08, and, for Boothe, that number was

$7,437.41.[1] (Doc. 26, p. 6). With the settlement providing McGuff with $4,150 in unpaid wages and an equal amount in liquidated damages, she receives more than double her maximum claim. Because the settlement awards Boothe with $5,000 in unpaid wages and an equal amount in liquidated damages, her award does not match her maximum claim.[2] However, in negotiating the settlement, Plaintiffs' counsel "recognized the inherent risks with continued litigation." (Doc. 26, p. 6). Plaintiffs "believe this settlement constitutes sufficient consideration to satisfy the Court's review for fairness and reasonableness." Id. at 7. Thus, the Court finds that the proposed payments are fair and reasonable under the FLSA.

For attorney's fees, the Court will generally determine the "lodestar" figure, which is composed of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). However, the Court has recognized that "a lodestar analysis is not always required." Lyons v. Beef 'O' Brady's, FSC Franchise Co., Civ. Action No. 15-0170-CG-N, 2015 WL 5602452, at *2 (S.D. Ala. Sept. 23, 2015). When "the fee [is] negotiated separately and without regard to the amount paid to the Plaintiff," the Court may forego the lodestar analysis. Id. at *3. Here, the parties stipulate the following:

---

[1] The figure provided for Boothe appears to be in error. The parties calculated the amount by multiplying "625 shifts times 1.5 hours times $5.12 per hour." (Doc. 26, p. 6). The Court's calculation arrived at $4,800, not $7,437.41. Regardless, the Court is comforted by the fact that Plaintiffs were represented by counsel who agree that the settlement recovery "exceed[s] complete relief of all claims." (Doc. 26-1, p. 2).
[2] However, if the Court's calculation in the previous footnote is correct, then Boothe will receive more than her maximum claim under the settlement.

> Defendant has agreed to pay this amount as attorneys' fees and costs based on its costs associated with the litigation to date and the work performed by Plaintiffs' counsel to date. The attorneys' fees and costs do not compromise or reduce the Plaintiffs' recovery and it was determined at Plaintiffs' counsel's request, separate and apart from the Plaintiffs' settlement amounts, <u>and only after those amounts were determined and accepted by the Plaintiffs.</u>

(Doc. 26, p. 7). The Court finds that the attorney's fees do not affect the fairness and reasonableness of the settlement.

## CONCLUSION

The Court finds that the settlement is reasonable and fair. Therefore, the parties' joint motion to approve settlement is **GRANTED**, the settlement agreement is **APPROVED**, and the case is **DISMISSED** with prejudice.

DONE and ORDERED this 25th day of April, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

5